**UNITED STATES of America,**
**Appellee,**

v.

**Jermaine JENNINGS, Defendant–**
**Appellant.**

**No. 07–5578–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2008.

Paul J. Vacca, Jr., Rochester, NY, for Appellant.

Terrance P. Flynn, United States Attorney (Stephan J. Baczynski, Assistant United States Attorney, of counsel), Buffalo, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. LAWRENCE E. KAHN,* District Judge.

### SUMMARY ORDER

Jermaine Jennings appeals from a judgment of conviction and sentence by the United States District Court for the Western District of New York. The district court entered the judgment pursuant to a jury verdict finding Jennings guilty of possession of "crack" with intent to distribute and being a felon in possession of a weapon. The court sentenced Jennings principally to a 300 month term of incarceration on the crack-possession count and a concurrent term of 120 months on the ammunition-possession count. We assume the parties' familiarity with the facts and procedural history of this case.

Jennings argues that a search of his apartment was constitutionally impermissible because the affidavit supporting the search warrant was not supported by probable cause. The magistrate who issued the warrant thought otherwise, however, and this finding "is entitled to substantial deference." *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983). Jennings has supplied us with nothing beyond what he himself characterizes as "formalistic" challenges to the finding.

We agree with the district court that the affidavit in support of the warrant established "first, that a crime was committed, and second, that there is probable cause to believe that evidence of such crime is located at the residence." *Id.* The information supplied by the confidential informant contained therein was sufficiently specific

---

with respect to the basis of the informant's knowledge and sufficiently reliable, in that the informant was stated to be "known to [the] deponent ... and [to have] provided information that has resulted in several arrests and convictions for narcotics and ... weapons." *Cf. Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). But even if we were to disagree, we would nonetheless affirm based on the district court's unchallenged conclusion that the officers relied in good faith upon the warrant. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Jennings makes three arguments that an incriminating statement he made during the search should have been suppressed. They are without merit.

First, he argues that he did not adequately waive his *Miranda* rights. But the district court concluded correctly that he had no *Miranda* rights relating to this statement because it was made spontaneously. *See Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *United States v. Colon,* 835 F.2d 27, 30 (2d Cir.1987).

Second, Jennings argues that he was impermissibly questioned by the police. But the district court found as a fact that he was not, and Jennings provides no basis for a conclusion that this finding was clearly erroneous.

Third, Jennings argues that his arrest was illegal because the warrant was constitutionally impermissible. As we have explained, however, the warrant was proper because it was supported by probable cause.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.